IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 12-cv-00612-RBJ

CONNIE TIGNER,

    Plaintiff,

v.

KMART CORPORATION, a wholly owned subsidiary of the Sears Holding Corporation,

    Defendant.

ORDER

This matter is before the Court on Defendant Kmart Corporation's Motion for Summary Judgment [docket #23].

**Facts**

The plaintiff, Connie Tigner ("Mrs. Tigner"), slipped and fell at a Kmart store in Brighton, Colorado, in the late afternoon of June 1, 2011. Security video footage captures two customers, a young man and woman,[1] dropping a container and apparently spilling gel from the container in the hair-care aisle of the Kmart store earlier in the same day. The customers who spilled the gel did not report the spill to any Kmart employees, nor did they clean up the spill themselves. In the hours between the time of the spill and Mrs. Tigner's fall, other customers walk through and around the area of the spilled gel, including one man who also slipped and fell. Kmart employees did not find or clean up the spilled gel before it caused Mrs. Tigner's fall.

The parties dispute whether the spilled gel was visible. The defendant proffers statements of employees that the spilled gel was clear, was difficult to see, and would not have

---

[1] The man and woman were later identified as Rodolfo Curiel and Sara Tamayo. (*See* ##38, 39.)

been visible to a person walking down the aisle. (Mathew Aff. ¶ 4; Teasdale Aff. ¶ 3; Morales Aff. ¶ 3.) The defendant has also conducted visibility studies through an engineer, who concluded that the spilled gel is "not conspicuous." (Railsback Report, pp. 9, 12.)

Mrs. Tigner, on the other hand, alleges that the gel, although clear, was visible as "swirls" on the floor. She is supported by similar reports by her husband Roger Tigner and the EMT responding to her accident, Mark Smikhal. (R. Tigner Dep. 7:3–4; Smikhal Dep. 14:18–21.) Smikhal described the gel spill as being the size of a salad plate at about five or six inches in diameter. (Smikhal dep. 14:18–21.)

The parties also dispute whether the broken container was visible or otherwise easily found by Kmart employees. The employees were only able to find the broken container of gel on another shelf after Mrs. Tigner's fall, it having been moved there by the customers who originally spilled it. (Teasdale Affidavit ¶ 4; Morales Affidavit ¶ 4.) Mrs. Tigner also argues that Kmart employees are trained to detect and clean up spills, especially those difficult to see and even when those spills are not reported by customers.

Mrs. Tigner filed this lawsuit claiming a violation of the Colorado Premises Liability Act, C.R.S. § 13-21-115, for failure to protect her, an invitee, from dangers of which Kmart knew or should have known.

### Standard of Review

"Summary judgment is appropriate 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.'" *Utah Lighthouse Ministry v. Found. for Apologetic Info. & Research*, 527 F.3d 1045, 1050 (10th Cir. 2008) (quoting Fed. R. Civ. P. 56(c)). When deciding a motion for summary judgment, the Court considers "the factual

record, together with all reasonable inferences derived therefrom, in the light most favorable to the non-moving party . . . ." *Id.* When the movant does not have the ultimate burden at trial, it may succeed on a motion for summary judgment when it has shown the court that there is an absence of evidence to support the nonmoving party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In challenging such a showing, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**Conclusions**

Kmart moves for summary judgment on the basis that Mrs. Tigner cannot show that it had actual or constructive knowledge of a dangerous condition. Subsection (3) of the Colorado Premises Liability Act provides that "an invitee may recover for damages caused by the landowner's unreasonable failure to exercise reasonable care to protect against dangers of which he actually knew or should have known." C.R.S. § 13-21-115(3)(c)(I).

In *Lombard v. Colorado Outdoor Educ. Ctr., Inc.*, 187 P.3d 565 (Colo. 2008), the Colorado Supreme Court stated that, "as a matter of public policy and public safety, it is entirely appropriate that the law impute certain knowledge to prevent individuals from denying knowledge or acting in a way so as to remain ignorant." 187 P.3d at 571–72. Accordingly, a plaintiff may satisfy her burden by showing actual or constructive knowledge of a danger, the latter of which is "also referred to as the knowledge that one exercising reasonable diligence should have." *Id.* at 571.

Although the parties do not seem to dispute whether Kmart had actual knowledge of the spilled gel causing Mrs. Tigner's fall, the parties do dispute whether Kmart had constructive knowledge. Kmart argues that the evidence is uncontroverted that the gel was "invisible" and that a person using reasonable diligence could not have detected the danger. Viewing the evidence in the light most favorable to the non-moving party, however, Mrs. Tigner has submitted sufficient evidence disputing that the spilled gel, as well as a broken gel container, was visible and could have been discovered with reasonable diligence by Kmart employees in the many hours between the spill and her fall.

Because genuine disputes exist over these material facts, the Court denies the defendant's motion for summary judgment.

**Order**

Defendant's motion for summary judgment [#23] is DENIED.

DATED this 25th day of February, 2013.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge